UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10956-REK

ERNEST OGLETREE,

    Plaintiff

v.

CITY OF ATTLEBORO, STURDY MEMORIAL HOSPITAL, INC., JAMES G. MACDONALD, DOUGLAS JOHNSON, MICHAEL BARTUCCA, ROBERT ASTIN, and LEWIS RHEAUME,

    Defendants

ANSWER OF DEFENDANT
JAMES G. MACDONALD

## PARTIES

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. Admitted.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3.

4. Admitted.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5.

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6.

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8.

## FACTS COMMON TO ALL COUNTS

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13.

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

15. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

16. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

18. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19.

20. Admitted.

21. Admitted.

22. The defendant admits only that he saw plaintiff upon arrival at the Sturdy Hospital emergency department.

23. Admitted.

24. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24.

25. The defendant admits only that the plaintiff was not talking on the telephone at the point of his arrival. The remaining allegations set forth in Paragraph 25 are denied.

26. The defendant admits only that he arrested plaintiff. The remaining allegations set forth in Paragraph 26 are denied.

27. The defendant admits only that he told plaintiff to step outside. The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27.

28. Denied.

29. The defendant admits only that he twice ordered the plaintiff to step outside, and that in each instance plaintiff refused to comply with his order. The remaining allegations set forth in Paragraph 29 are denied.

30. The defendant admits only that he signaled to defendant Bartucca for assistance in the event plaintiff resisted handcuffing.

31. Denied.

32. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37.

38. Denied.

39. Denied.

40. The defendant admits only to transporting plaintiff to the Attleboro police department where he was booked. The remaining allegations set forth in Paragraph 40 are denied.

41. Denied.

42. Denied.

43. Admitted.

44. Denied.

45. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the last sentence of Paragraph 45. The remaining allegations set forth in Paragraph 45 are denied.

46. Denied.

47. Denied.

48. Denied.

COUNT I
(Tort Claim Against Defendant City of Attleboro)

49-55. The allegations set forth in Count I do not pertain to this defendant.

COUNT II
(Violation of Federal Civil Rights By Defendant City of Attleboro)

56-63. The allegations set forth in Count II do not pertain to this defendant.

COUNT III
(Violation of Massachusetts Civil Rights Act By Defendant, City of Attleboro)

64-66. The allegations set forth in Count III do not pertain to this defendant.

COUNT IV
(Violation of Federal Civil Rights by Defendant MacDonald)

67. The defendant restates and incorporates by reference his responses to Paragraphs 1-66.

68. Denied.

69. Denied.

COUNT V
(Violation of State Civil Rights by Defendants MacDonald,
Johnson, Bartucca, Astin and Rheaume)

70. The defendant restates and incorporates by reference his responses to Paragraphs 1-69.

71. The defendant denies the allegations set forth in Paragraph 71 to the extent the same pertain to him.

72. The defendant denies the allegations set forth in Paragraph 72 to the extent the same pertain to him.

## COUNT VI
(False Imprisonment by Defendants MacDonald, Johnson, Bartucca and Rheaume)

73. The defendant restates and incorporates by reference his responses to Paragraphs 1-72.

74. The defendant denies the allegations set forth in Paragraph 74 to the extent the same pertain to him.

75. The defendant denies the allegations set forth in Paragraph 75 to the extent the same pertain to him.

## COUNT VII
(Malicious Prosecution Against Defendant City of Attleboro)

76-80. The allegations set forth in Count VII do not pertain to this defendant.

## COUNT VIII
(Assault Against Defendants MacDonald, Johnson, Bartucca, Astin and Rheaume)

81. The defendant restates and incorporates by reference his responses to Paragraphs 1-80.

82. The defendant denies the allegations set forth in Paragraph 82 to the extent the same pertain to him.

83. The defendant denies the allegations set forth in Paragraph 83 to the extent the same pertain to him.

## COUNT IX
(Battery Against Defendants MacDonald, Johnson, Bartucca, Astin and Rheaume)

84. The defendant restates and incorporates by reference his responses to Paragraphs 1-83.

85. The defendant denies the allegations set forth in Paragraph 85 to the extent the same pertain to him.

86. The defendant denies the allegations set forth in Paragraph 86 to the extent the same pertain to him.

## COUNT X
(Vicarious Liability of Defendant Sturdy Memorial Hospital, Inc.)

87-89. The allegations set forth in Count X do not pertain to this defendant.

## COUNT XI
(Intentional Infliction of Emotional Distress)

90. The defendant restates and incorporates by reference his responses to Paragraphs 1-89.

91. The defendant denies the allegations set forth in Paragraph 91 to the extent the same pertain to him.

92. Denied.

93. Denied.

## COUNT XII
(Negligent Infliction of Emotional Distress)

94. The defendant restates and incorporates by reference his responses to Paragraphs 1-93.

95. Denied.

96. Denied.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by failure to comply with the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff has failed to allege conduct comprising threats, intimidation and coercion, and cannot therefore recover under the Massachusetts Civil Rights Act.

### FOURTH DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted because he has failed to allege that the defendant deprived him of any constitutional right.

### FIFTH DEFENSE

The claims arising out of the subject matter of the occurrences alleged are barred as the defendant was carrying out law enforcement functions in good faith.

### SIXTH DEFENSE

Defendant denies all of plaintiff's allegations of wrongful conduct and states that he was at all relevant times a public employee acting within the scope of his employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that his actions were lawful.

### SEVENTH DEFENSE

The actions and conduct of the individual defendant, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which he was aware, and he enjoys qualified immunity from suit and liability.

### EIGHTH DEFENSE

The actions and conduct of the individual defendant did not violate any clearly established constitutional or statutory rights of which he reasonably should have been aware, and he is therefore entitled to qualified immunity.

## NINTH DEFENSE

The alleged acts or omissions of the defendant were not the cause, proximate or otherwise, of the alleged injury or damage.

## TENTH DEFENSE

The defendant is immune from liability pursuant to G.L.c. 258, §2.

## ELEVENTH DEFENSE

The plaintiff is precluded from any recovery as the negligence of the plaintiff was greater than the alleged negligence of the defendant and the plaintiff cannot recover pursuant to G.L. c. 231, §85.

## TWELFTH DEFENSE

If the defendant was negligent, which is denied, and the negligence of the defendant exceeded the negligence of the plaintiff, which is denied, then the damages assessable against the defendant should be reduced by the percentage of negligence attributable to plaintiff.

## THIRTEENTH DEFENSE

The defendant denies that his actions were extreme, outrageous or intolerable in a civilized society.

## FOURTEENTH DEFENSE

The arrest of the plaintiff by the defendant was supported by the requisite reasonable suspicion and/or probable cause.

## FIFTEENTH DEFENSE

The defendant states that he utilized only the minimum amount of force necessary to overcome plaintiff's resistance and to effect a lawful arrest.

### SIXTEENTH DEFENSE

The defendant denies any unprivileged touching of the person of the plaintiff.

### SEVENTEENTH DEFENSE

The defendant denies placing the plaintiff in reasonable fear of imminent harm.

### EIGHTEENTH DEFENSE

The defendant denies the initiation of criminal process against the plaintiff with malice and without probable cause.

### NINETEENTH DEFENSE

The defendant denies the intentional, unjustified confinement of the plaintiff.

### TWENTIETH DEFENSE

The action filed by the plaintiff is frivolous, wholly unsubstantiated and not advanced in good faith, entitling the defendants to the recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

### JURY CLAIM

The defendant respectfully demands a trial by jury.

DEFENDANT JAMES G. MACDONALD,

By his attorney,

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 5/19/04

Joseph L. Tehan, Jr. (BBO# 494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

220380/METG/0556

10