FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10956REK

|  |  |
|---|---|
| ERNEST OGLETREE<br>　　　Plaintiff | : <br> : <br> : |
| v. | : <br> : |
| CITY OF ATTLEBORO,<br>STURDY MEMORIAL<br>HOSPITAL, INC., JAMES G.<br>MACDONALD, DOUGLAS<br>JOHNSON, MICHAEL<br>BARTUCCA, ROBERT ASTIN,<br>AND LEWIS RHEAUME<br>　　　Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

ANSWER OF DEFENDANTS STURDY MEMORIAL HOSPITAL, INC.,
DOUGLAS JOHNSON, MICHAEL BARTUCCA,
ROBERT ASTIN AND LEWIS RHEAUME
TO PLAINTIFF'S COMPLAINT;
DEFENDANTS' DEMAND FOR JURY TRIAL

The Defendants Sturdy Memorial Hospital, Inc., Douglas Johnson, Michael Bartucca, Robert Astin and Lewis Rheaume [referenced collectively hereafter as "Defendants"] answer to Plaintiff's Complaint as follows:

1. These Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations within ¶1 of Plaintiff's Complaint and therefore deny the allegations and call upon Plaintiff to prove the allegations.

2. The allegations within ¶2 of Plaintiff's Complaint apply to a defendant other than these Defendants and thus do not call for a response by these Defendants.

3. The Defendant Sturdy Memorial Hospital, Inc., admits only that it is a not-for-profit corporation organized under M.G.L.c. 180 for a charitable purpose and that it is licensed

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                                                     2
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial

by and in the Commonwealth of Massachusetts as a hospital facility, and is located in
Attleboro, and denies any remaining allegations.

4. The allegations within ¶4 of Plaintiff's Complaint apply to a defendant other than
these Defendants and thus do not call for a response by these Defendants.

5. The Defendant Douglas Johnson admits that he is an individual but denies the
remaining allegations within ¶5 of Plaintiff's Complaint.

6. The Defendant Michael Bartucca admits only that he is an individual.

7. The Defendant Robert Astin admits the allegations within ¶7 of Plaintiff's Complaint.

8. The Defendant Lewis Rheaume admits the allegations within ¶8 of Plaintiff's
Complaint.

9. These Defendants are without knowledge or information at this time sufficient to
admit or to deny the allegations within ¶9 of Plaintiff's Complaint and therefore deny the
allegations and call upon Plaintiff to prove the allegations.

10. These Defendants are without knowledge or information at this time sufficient to
admit or to deny the allegations within ¶10 of Plaintiff's Complaint and therefore deny
the allegations and call upon Plaintiff to prove the allegations.

11. These Defendants are without knowledge or information at this time sufficient to
admit or to deny the allegations within ¶11 of Plaintiff's Complaint and therefore deny
the allegations and call upon Plaintiff to prove the allegations.

12. These Defendants are without knowledge or information at this time sufficient to
admit or to deny the allegations within ¶12 of Plaintiff's Complaint and therefore deny
the allegations and call upon Plaintiff to prove the allegations.

13. These Defendants deny the allegations within ¶13 of Plaintiff's Complaint.

14. These Defendants are without knowledge or information at this time sufficient to
admit or to deny the allegations within ¶14 of Plaintiff's Complaint and therefore deny
the allegations and call upon Plaintiff to prove the allegations.

15. These Defendants are without knowledge or information at this time sufficient to
admit or to deny the allegations within ¶15 of Plaintiff's Complaint and therefore deny

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                                    3
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial

the allegations and call upon Plaintiff to prove the allegations.

16. These Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations within ¶16 of Plaintiff's Complaint and therefore deny the allegations and call upon Plaintiff to prove the allegations.

17. These Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations within ¶17 of Plaintiff's Complaint and therefore deny the allegations and call upon Plaintiff to prove the allegations.

18. These Defendants deny the allegations within ¶18 of Plaintiff's Complaint.

19. These Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations within ¶19 of Plaintiff's Complaint and therefore deny the allegations and call upon Plaintiff to prove the allegations.

20. The allegations within this paragraph appear to apply to a defendant other than these Defendants and thus do not call for a response by these Defendants. To the extent a response is required, these Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations within ¶20 of Plaintiff's Complaint and therefore deny the allegations and call upon Plaintiff to prove the allegations.

21. The allegations within this paragraph appear to apply to a defendant other than these Defendants and thus do not call for a response by these Defendants. To the extent a response is required, these Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations within ¶21 of Plaintiff's Complaint and therefore deny the allegations and call upon Plaintiff to prove the allegations.

22. The allegations within this paragraph appear to apply to a defendant other than these Defendants and thus do not call for a response by these Defendants. To the extent a response is required, these Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations within ¶22 of Plaintiff's Complaint and therefore deny the allegations and call upon Plaintiff to prove the allegations.

23. The allegations within this paragraph appear to apply to a defendant other than these Defendants and thus do not call for a response by these Defendants. To the extent a response is required, these Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations within ¶23 of Plaintiff's Complaint and therefore deny the allegations and call upon Plaintiff to prove the allegations.

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                                    4
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial

24. These Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations within ¶24 of Plaintiff's Complaint and therefore deny the allegations and call upon Plaintiff to prove the allegations.

25. The allegations within this paragraph appear to apply to a defendant other than these Defendants and thus do not call for a response by these Defendants. To the extent a response is required, these Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations and therefore deny the allegations and call upon Plaintiff to prove the allegations.

26. The allegations within this paragraph appear to apply to a defendant other than these Defendants and thus do not call for a response by these Defendants. To the extent a response is required, these Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations and therefore deny the allegations and call upon Plaintiff to prove the allegations.

27. The allegations within this paragraph appear to apply to a defendant other than these Defendants and thus do not call for a response by these Defendants. To the extent a response is required, these Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations and therefore deny the allegations and call upon Plaintiff to prove the allegations.

28. The allegations within this paragraph appear to apply to a defendant other than these Defendants and thus do not call for a response by these Defendants. To the extent a response is required, these Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations and therefore deny the allegations and call upon Plaintiff to prove the allegations.

29. The allegations within this paragraph appear to apply to a defendant other than these Defendants and thus do not call for a response by these Defendants. To the extent a response is required, these Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations and therefore deny the allegations and call upon Plaintiff to prove the allegations.

30. The allegations within this paragraph appear to apply to a defendant other than these Defendants and thus do not call for a response by these Defendants. To the extent a response is required, these Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations and therefore deny the allegations and call upon Plaintiff to prove the allegations.

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                              5
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial

31.  These Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations within ¶ 31 and therefore deny the allegations and call upon Plaintiff to prove the allegations.

32.  These Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations within ¶32 and therefore deny the allegations and call upon Plaintiff to prove the allegations.

33.  The allegations within this paragraph appear to apply to a defendant other than these Defendants and thus do not call for a response by these Defendants.  To the extent a response is required, these Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations and therefore deny the allegations and call upon Plaintiff to prove the allegations.

34. These Defendants deny the allegations within ¶34 of Plaintiff's Complaint.

35.  The allegations within this paragraph appear to apply to a defendant other than these Defendants and thus do not call for a response by these Defendants.  To the extent a response is required, these Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations and therefore deny the allegations and call upon Plaintiff to prove the allegations.

36.  These Defendants deny the allegations within ¶36 of Plaintiff's Complaint.

37.  These Defendants deny the allegations within ¶37 of Plaintiff's Complaint.

38.  To the extent said allegations are intended to apply to any of these Defendants, the Defendants deny the allegations within ¶38 of Plaintiff's Complaint.

39.  To the extent said allegations are intended to apply to any of these Defendants, the Defendants deny the allegations within ¶39 of Plaintiff's Complaint.

40.  The allegations within this paragraph appear to apply to a defendant other than these Defendants and thus do not call for a response by these Defendants.  To the extent a response is required, these Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations and therefore deny the allegations and call upon Plaintiff to prove the allegations.

41.  The allegations within ¶41 of Plaintiff's Complaint apply to a defendant other than these Defendants and thus do not call for a response by these Defendants.

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                                    6
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial

42. The allegations within ¶42 of Plaintiff's Complaint apply to a defendant other than these Defendants and thus do not call for a response by these Defendants.

43. These Defendants are without knowledge or information at this time sufficient to admit or to deny the allegations within ¶43 of Plaintiff's Complaint and therefore deny the allegations and call upon Plaintiff to prove the allegations.

44. The allegations within ¶44 of Plaintiff's Complaint apply to a defendant other than these Defendants and thus do not call for a response by these Defendants.

45. These Defendants deny any allegations within ¶45 intended to apply to these Defendants; otherwise the allegations apply to a defendant other than these Defendants and thus do not call for a response by these Defendants.

46. These Defendants deny the allegations of assault and of brutal assault, and deny any and all remaining allegations against them.

47. The allegations within ¶47 of Plaintiff's Complaint do not apply to these Defendants and thus do not call for a response by these Defendants.

48. These Defendants deny each and every allegation within ¶47 of Plaintiff's Complaint.

## COUNT I

Count I, ¶¶ 49 through 55, of Plaintiff's Complaint apply to a defendant other than these Defendants and thus does not call for a response by these Defendants.

## COUNT II

Count II, ¶¶ 56 through 63, of Plaintiff's Complaint apply to a defendant other than these Defendants and thus does not call for a response by these Defendants.

## COUNT III

Count III, ¶¶ 64 through 66, of Plaintiff's Complaint apply to a defendant other than these Defendants and thus does not call for a response by these Defendants.

## COUNT IV

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                               7
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial


Count IV, ¶¶ 67 through 69, of Plaintiff's Complaint apply to a defendant other than
these Defendants and thus does not call for a response by these Defendants.

## COUNT V

70. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin and the
Defendant Rheaume each repeat and reaver, and incorporate by reference herein as if
fully set forth herein, his above answers to ¶¶ 1 through 69 of Plaintiff's Complaint.

71. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin and the
Defendant Rheaume each deny the allegations against him within ¶71 of Plaintiff's
Complaint and further deny that Plaintiff has any cause of action against him.

72. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin and the
Defendant Rheaume each deny the allegations against him within ¶72 of Plaintiff's
Complaint.

WHEREFORE the Defendant Johnson, the Defendant Bartucca, the Defendant Astin and
the Defendant Rheaume each deny that Plaintiff has any cause of action, each deny that
Plaintiff is entitled to any of the relief sought, and each moves for the dismissal of Count
V of Plaintiff's Complaint or in the alternative for entry of judgment in favor of the
Defendant Johnson, the Defendant Bartucca, the Defendant Astin, and the Defendant
Rheaume.

## COUNT VI

73. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin and the
Defendant Rheaume each repeat and reaver, and incorporate by reference herein as if
fully set forth herein, his above answers to the preceding paragraphs of Plaintiff's
Complaint.

74. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin, and the
Defendant Rheaume each deny the allegations against him within ¶74 of Plaintiff's
Complaint.

75. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin, and the
Defendant Rheaume each deny the allegations against him within ¶75 of Plaintiff's
Complaint.

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                                    8
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial

WHEREFORE the Defendant Johnson, the Defendant Bartucca, the Defendant Astin and the Defendant Rheaume each deny that Plaintiff has any cause of action, each denies that Plaintiff is entitled to any of the relief sought, and each moves for the dismissal of Count VI of Plaintiff's Complaint or in the alternative for entry of judgment in favor of the Defendant Johnson, the Defendant Bartucca, the Defendant Astin, and the Defendant Rheaume.

## COUNT VII

Count VII, ¶¶ 76 through 80, of Plaintiff's Complaint apply to a defendant other than these Defendants and thus does not call for a response by these Defendants.

## COUNT VIII

81. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin, and the Defendant Rheaume each repeat and reaver, and incorporate by reference herein as if fully set forth herein, his above answers to the preceding allegations of Plaintiff's Complaint.

82. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin and the Defendant Rheaume each deny the allegations against him within ¶82 of Plaintiff's Complaint.

83. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin and the Defendant Rheaume each deny the allegations against him within ¶83 of Plaintiff's Complaint.

WHEREFORE the Defendant Johnson, the Defendant Bartucca, the Defendant Astin, and the Defendant Rheaume each deny that Plaintiff has any cause of action, each denies that Plaintiff is entitled to any of the relief sought, and the Defendant Johnson, the Defendant Astin and the Defendant Rheaume each move for the dismissal of Count VIII of Plaintiff's Complaint or in the alternative for entry of judgment in favor of each said Defendant.

## COUNT IX

84. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin and the Defendant Rheaume each repeat and reaver, and incorporate by reference herein as if fully set forth herein, his above answers to the preceding paragraphs of Plaintiff's Complaint.

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                                    9
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial

85. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin and the
Defendant Rheaume each deny the allegations against him within ¶85 of Plaintiff's
Complaint.

86. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin and the
Defendant Rheaume each deny the allegations against him within ¶86 of Plaintiff's
Complaint.

WHEREFORE the Defendant Johnson, the Defendant Bartucca, the Defendant Astin and
the Defendant Rheaume each deny that Plaintiff has any cause of action against him, each
denies that Plaintiff is entitled to any of the relief sought, and each moves for the
dismissal of Count IX of Plaintiff's Complaint or in the alternative for entry of judgment
in favor of each said Defendant.

## COUNT X

87. These Defendants each repeat and reaver, and incorporate by reference herein as if
fully set forth herein, the Defendant's above answers to the preceding paragraphs of
Plaintiff's Complaint.

88. The Defendant Sturdy Memorial Hospital, Inc., denies the allegations of tortuous
conduct and of vicarious liability.

89. The Defendant Sturdy Memorial Hospital, Inc., denies the allegations within ¶89 of
Plaintiff's Complaint.

WHEREFORE the Defendant Sturdy Memorial Hospital, Inc., denies that Plaintiff has a
cause of action against it, denies that Plaintiff is entitled to any of the relief sought, and
moves for the dismissal of Count X of Plaintiff's Complaint or in the alternative for entry
of judgment for the Defendant Sturdy Memorial Hospital, Inc.

## COUNT XI

90. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin, the Defendant
Rheaume and the Defendant Sturdy Memorial Hospital, Inc., each repeats and reavers,
and incorporates by reference herein as if fully set forth herein, the Defendant's above
answers to the preceding counts of Plaintiff's Complaint.

91. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin, the Defendant

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                                    10
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial

Rheaume and the Defendant Sturdy Memorial Hospital, Inc., each deny the allegations
against said Defendant within ¶91 of Plaintiff's Complaint.

92. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin, the Defendant
Rheaume and the Defendant Sturdy Memorial Hospital, Inc., each deny the allegations
against said Defendant within ¶92 of Plaintiff's Complaint.

93. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin, the Defendant
Rheaume and the Defendant Sturdy Memorial Hospital, Inc., each deny the allegations
within ¶93 of Plaintiff's Complaint.

WHEREFORE the Defendant Johnson, the Defendant Bartucca, the Defendant Astin, the
Defendant Rheaume and the Defendant Sturdy Memorial Hospital, Inc., each deny that
Plaintiff has any cause of action against said Defendant, each Defendant denies that
Plaintiff is entitled to any of the relief sought, and each Defendant moves for the
dismissal of Count XI of Plaintiff's Complaint or in the alternative for entry of judgment
in favor of said Defendant.

## COUNT XII

94. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin, the Defendant
Rheaume, and the Defendant Sturdy Memorial Hospital, Inc., each repeat and reaver, and
incorporate by reference herein as if fully set forth herein, said Defendant's above
answers to the preceding counts of Plaintiff's Complaint.

95. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin, the Defendant
Rheaume and the Defendant Sturdy Memorial Hospital, Inc., each deny the allegations
within ¶95 of Plaintiff's Complaint.

96. The Defendant Johnson, the Defendant Bartucca, the Defendant Astin, the Defendant
Rheaume and the Defendant Sturdy Memorial Hospital each deny the allegations within
¶96 of Plaintiff's Complaint.

WHEREFORE the Defendant Johnson, the Defendant Bartucca, the Defendant Astin, the
Defendant Rheaume and the Defendant Sturdy Memorial Hospital, Inc., each deny that
Plaintiff has a cause of action against said Defendant, each Defendant denies that Plaintiff
is entitled to any of the relief sought, and each Defendant moves for the dismissal of
Count XII of Plaintiff's Complaint or in the alternative for entry of judgment in favor of
said Defendant.

## RESPONSE TO DEMAND FOR RELIEF

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                           11
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial

The Defendant Johnson, the Defendant Bartucca, the Defendant Astin, the Defendant
Rheaume and the Defendant Sturdy Memorial Hospital, Inc., each deny that Plaintiff is
entitled to any of the relief sought and said Defendants each deny that Plaintiff is entitled
to any judgment against said Defendant.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint, and each count thereof, as against the Defendant Johnson, the
Defendant Bartucca, the Defendant Astin, the Defendant Rheaume and/or the Defendant
Sturdy Memorial Hospital, Inc., must be dismissed for failure to state a cause of action
upon which relief may be granted.  Rule 12(b)(6), Fed. R. Civ. P.

### Second Affirmative Defense

Count V of Plaintiff's Complaint must be dismissed for failure to state a cause of action
upon which relief may be granted as there was, and as Plaintiff does not allege, a
violation or deprivation of a civil right; and/or as the Defendants were not state actors;
and/or as Plaintiff fails to allege that the Defendants were acting under color of state law;
and/or as the Defendants were not acting under color of state law; and/or as the conduct
alleged does not rise to the level of constitutional violation; and/or as any conduct alleged
undertaken by these Defendants was not conduct violative of any constitutional right;
and/or as each Defendant acted in good faith and without malice and with reasonable
belief that the actions were not in violation of any constitutional right; and/or as each
Defendant acted reasonably and within professional discretion and in good faith belief
that the actions were lawful; and/or as each Defendant's conduct was objectively
reasonable; and/or as negligence is not a sufficient basis for a civil rights action; and/or as
each Defendant was not involved directly or indirectly in the violation of any
constitutional right; and/or as the Defendants did not have or espouse any policy or
pattern of conduct violative of any constitutional right; and/or as Plaintiff has an adequate
post-deprivational remedy under state law to redress any alleged deprivation; and/or as
Plaintiff has failed to allege any conduct comprising threats, intimidation and/or coercion
a required by the applicable state statute.  Rule 12(b)(6), Fed. R. Civ. P.

### Third Affirmative Defense

Each Defendant is immune and/or partially immune from suit.

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                                    12
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial

Fourth Affirmative Defense

The conduct of these Defendants did not cause, directly or indirectly, any deprivation of
the Plaintiff's rights and therefore said Defendants cannot be held liable.

Fifth Affirmative Defense

Each Defendant neither authorized, approved, encouraged and/or knowingly acquiesced
in any alleged deprivation of rights.

Sixth Affirmative Defense

Each Defendant acted in good faith without malice and/or corruption, within the scope of
employment, with reasonable suspicion and cause, and in the reasonable belief that his
actions were lawful, and is therefore immune and/or partially immune from suit.

Seventh Affirmative Defense

Each Defendant's actions, to the extent such occurred, were reasonable under the
circumstances such that the Defendant is entitled to immunity and/or qualified immunity.

Eight Affirmative Defense

Each Defendant's actions, to the extent any such action occurred, did not violate any
clearly established right of which the Defendant should reasonably have been aware, such
that each Defendant is entitled to immunity and/or qualified immunity.

Ninth Affirmative Defense

Count VI of Plaintiff's Complaint must be dismissed for failure to state a cause of action
upon which relief may be granted as there was no unlawful restraint by the Defendants
and/or as any restraint was reasonably warranted.  Rule 12(b)(6), Fed. R. Civ. P.

Tenth Affirmative Defense

There was a right of reasonable delay and/or there was probable cause and/or there was
justification for any action taken.

Eleventh Affirmative Defense

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                          13
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial

Count VIII and Count IX of Plaintiff's Complaint must be dismissed for failure to state a
cause of action upon which relief may be granted as there is no allegation of intent and/or
of malice.

Twelfth Affirmative Defense

As to Plaintiff's counts in battery and in assault, any action by the Defendants was
justified and/or excused under the circumstances presented within the hospital setting.

Thirteenth Affirmative Defense

Each Defendant denies any unprivileged touching of the Plaintiff and denies any
reasonable fear of imminent harm, and raises the affirmative defense of license.

Fourteenth Affirmative Defense

Any acts of each Defendant were within reasonable exercise of authority and/or duty
and/or were undertaken as a result of provocation by the Plaintiff.

Fifteenth Affirmative Defense

Count XI of Plaintiff's Complaint must be dismissed for failure to state a cause of action
upon which relief may be granted as there is no allegation of intentional conduct and/or
no allegation of conduct that was extreme and/or outrageous or not justified by the
plaintiff's conduct.

Sixteenth Affirmative Defense

This action, and each count thereof, was not commenced within the applicable statutes of
limitations and is therefore barred.

Seventeenth Affirmative Defense

The Defendant Sturdy Memorial Hospital, Inc., is, and at all times and in all manners
relevant to Plaintiff's Complaint was, a not-for-profit corporation organized under G.L.c.
180 for a charitable purpose, such that the provisions of G.L.c. 231, §85K operate to limit
recovery, if any, to twenty thousand dollars plus interest and costs.

Eighteenth Affirmative Defense

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                                      14
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial

The Defendant Sturdy Memorial Hospital, Inc., did not, and does not, have any agent,
servant and/or employee for whose conduct it was responsible on or about the date and/or
under the circumstances alleged within Plaintiff's Complaint.

Nineteenth Affirmative Defense

The Defendant Sturdy Memorial Hospital, Inc., did not have any agent, servant and/or
employee who was negligent.

Twentieth Affirmative Defense

Count X of Plaintiff's Complaint must be dismissed for failure to state a cause of action
upon which relief may be granted as the Defendant Sturdy Memorial Hospital, Inc., is not
vicariously liable for any alleged violation of civil rights and/or for any alleged false
imprisonment, assault and/or battery and/or for any alleged intentional infliction of
emotional distress.  Rule 12(b)(6), Fed. R. Civ. P.

Twenty-first Affirmative Defense

The Plaintiff himself was negligent so as to reduce and/or bar recovery, if any, in this
action.

Twenty-second Affirmative Defense

The conduct of the Plaintiff and/or of a third party was an independent intervening cause
that resulted in a lack of causal relationship between the alleged negligence of each
Defendant and the injuries and/or damages alleged by Plaintiff.

Twenty-third Affirmative Defense

Any act of each Defendant was with justification and/or excuse and/or with use of the
minimal force necessary.

Twenty-fourth Affirmative Defense

The injuries and/or damages alleged by Plaintiff were caused, if at all, by the conduct of
the plaintiff and/or of a third person for whose conduct these Defendants were not and are
not responsible.

Twenty-fifth Affirmative Defense

Ogletree v. Sturdy Memorial Hospital, Inc., et al.                                    15
Answer of Defendants Johnson, Bartucca, Astin, Rheaume and
Sturdy Memorial Hospital, Inc., to Plaintiff's Complaint;
Defendants' Demand for Jury Trial

The Plaintiff is estopped from commencing and/or maintaining this action.

Twenty-sixth Affirmative Defense

Any conduct by each of these Defendants was justified by the public good.

Twenty-Seventh Affirmative Defense

Each of these Defendants reserves the right to raise such additional affirmative defenses
as become known and/or available during the course of this action.

## DEMAND FOR JURY TRIAL

The Defendant Douglas Johnson, the Defendant Michael Bartucca, the Defendant Robert
Astin, the Defendant Lewis Rheaume, and the Defendant Sturdy Memorial Hospital, Inc.,
each demand trial by jury.

> Respectfully submitted
> Defendant Douglas Johnson, Defendant
> Michael Bartucca, Defendant Robert
> Astin, Defendant Lewis Rheaume and
> Defendant Sturdy Memorial Hospital, Inc.
> by counsel,
>
>
> Martin C. Foster
> B.B.O. #175860
> Joan Eldridge
> B.B.O. #152720
> Foster & Eldridge
> 955 Massachusetts Avenue
> Cambridge, MA 02139
> Telephone: (617) 492-5800

Date: 5-24-04

Certificate of Service
I hereby certify that a true copy of the above document
was served upon (each party appearing pro se and) the
attorney of record for each party by mail/by fax/by hand
on 5/24/04 .
                                              (signature)