UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 04-10956REK

| | |
|---|---|
| ERNEST OGLETREE<br>　　Plaintiff<br><br>v.<br><br>CITY OF ATTLEBORO,<br>STURDY MEMORIAL<br>HOSPITAL, INC., JAMES G.<br>MACDONALD, DOUGLAS<br>JOHNSON, MICHAEL<br>BARTUCCA, ROBERT ASTIN,<br>AND LEWIS RHEAUME<br>　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## MOTION FOR ORDER TO INSPECT MEDICAL AND INSURANCE RECORDS

The Defendant, Sturdy Memorial Hospital, respectfully moves this Honorable Court for an order for the Keeper of the Records for the **Commonwealth of Massachusetts, Executive Office of Health and Human Services, Office of Medicaid, (MassHealth), 600 Washington Street, Boston, MA 02111**, to produce the below-described records, such records being kept subject to the provisions of Massachusetts General Laws, Chapter 111 and being admissible under the provisions of M.G.L. c. 233, § 79G for Plaintiff, Ernest Ogletree, Date of Birth 11/30/61.

The Defendant requested the data from the Keeper of the Records and the Keeper refused to produce the documents without a court order. (See attached Exhibit A).

The documents requested include all documents pertaining to the medical, billing and insurance records of Ernest Ogletree, including but not limited to all documents

pertaining to any requests for, and/or applications for, payment of medical bills incurred by said Ernest Ogletree on behalf of Ernest Ogletree, whether or not said applications were by Ernest Ogletree and/or by any licensed healthcare provider; all documents pertaining to any payments made by MassHealth or Medicaid, on behalf of said Ernest Ogletree; all documents pertaining to any refusals and/or rejections of requests for payment of medical insurance benefits for healthcare services provided to said Ernest Ogletree.

FOR CAUSE, this is a medical malpractice action and/or premises liability action in which the plaintiff Ernest Ogletree alleges that the defendants were negligent in connection with injuries sustained by Mr. Ogletree at Sturdy Memorial Hospital. Specifically, the plaintiff (depending on different accounts of events) claims he was assaulted by security personnel at Sturdy Memorial Hospital in connection with his arrest on the premises. The plaintiff alleges that as a result of the defendants' negligence, the plaintiff sustained injuries. The plaintiff further alleges that he has suffered damages including medical care and treatment and emotional and physical pain and suffering, out-of-pocket expenses, including, but not limited to medical expenses and lost wages and loss of enjoyment of life.

Since the ability of the Defendants to defend the suit depends largely on what, if any, damages were suffered by the Plaintiff, including the status of his current care and treatment, the release of the records is necessary in this case and does not violate Plaintiff's privacy. While medical records are confidential prior to litigation as between the parties, once litigation has begun, medical records are discoverable subject to

Mass.R.Civ.P. 26.

The continuing medical treatment of Mr. Ogletree subsequent to the incident will be a key issue at trial. For example, whether Mr. Ogletree had preexisting conditions and what treatment he had for his injuries; will go to the issue of damages as well as defendants' defenses which will be the central issue at the trial of this case. The information sought by Defendant concerning the plaintiff's MassHealth records is relevant for purposes of the course of and interruptions in medical care.

The Defendant intends to use this information to prepare for the impeachment of the plaintiff as a witness at trial, and to investigate any additional facts that may lead to the discovery of admissible evidence at trial. The Defendant, by counsel, certifies that any MassHealth information will be used for trial strategy only and/or impeachment purposes on the issue of Mr. Ogletree's credibility, and to investigate other areas of discovery which may be revealed by the plaintiff's MassHealth records. The Defendant, by counsel, will not otherwise disclose the MassHealth information obtained as a consequence of this order to unauthorized persons as required by law. A proposed Order is attached hereto.

The Defendant, by counsel, submits that there is good cause for this Court to issue an Order releasing records of MassHealth pertaining to Ernest Ogletree.

WHEREFORE, the Defendant, Sturdy Memorial Hospital, respectfully requests that this Court allow its Motion For Disclosure of MassHealth records, as such information is critical to the ability to prepare for trial.

Respectfully Submitted,
The Defendant
Sturdy Memorial Hospital
By his attorney,

*Allison K Blew*
Allison K. Blew, Esq. BBO#647494
Foster & Eldridge, LLP
One Canal Park, Suite 2100
Cambridge, Massachusetts 02141
Dated:                                (617) 252-3366

## CERTIFICATE OF SERVICE

I, Allison K. Blew, hereby certify that on this date I served Motion for Inspection of Medical and Insurance Records on:

Mark Itzkowitz, Esquire
85 Devonshire Street
Boston, MA 02108

Sarah Turner, Esquire
Kopelman & Paige
31 St. James Avenue
Boston, MA 02116

Charles D. Mulcahy, Esquire
Wynn & Wynn
90 New State Highway
Raynham, MA 02767

By mailing a copy of the same, first-class postage prepaid, to the above.

Signed under the pains and penalties of perjury.

*Allison K Blew*
Allison K. Blew, Esquire
B.B.O. # 647494
Foster & Eldridge, LLP
One Canal Park, Suite 2100
Cambridge, MA 02141
Tele: 617-252-3366

Date:   6/28/05

# EXHIBIT A




*The Commonwealth of Massachusetts*
*Executive Office of Health and Human Services*
*600 Washington Street*
*Boston, MA 02111*

**MITT ROMNEY**
Governor

**KERRY HEALEY**
Lieutenant Governor

**RONALD PRESTON**
Secretary

June 3, 2005

Ms. Allison K. Blew
Foster & Eldridge
One Canal Park, Suite 2100
Cambridge, MA 02141

Re: Ernest Ogletree

Dear Ms. Blew:

This concerns your subpoena of June 2, 2005, seeking documents containing personal data in connection with the above-referenced individual.

Please be advised that the Fair Information Practices Act, MGL c.66A, prohibits disclosure of any information about an individual data subject without the data subject's written consent or a court order requiring disclosure. A valid authorization must meet the requirements of 45 CFR § 164.508(c).

Therefore, MassHealth is unable to provide the documents you have requested.

If you have any questions concerning this response, please feel free to contact me.

Sincerely,

Jon Seiff
Custodian of Records
Privacy & Security Office
617-210-5391

RECEIVED
JUN - 7 2005
By_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 04-10956REK

| | |
|---|---|
| ERNEST OGLETREE<br>Plaintiff | :<br>:<br>: |
| v. | :<br>: |
| CITY OF ATTLEBORO,<br>STURDY MEMORIAL<br>HOSPITAL, INC., JAMES G.<br>MACDONALD, DOUGLAS<br>JOHNSON, MICHAEL<br>BARTUCCA, ROBERT ASTIN,<br>AND LEWIS RHEAUME<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER FOR INSPECTION AND COPIES OF MEDICAL AND INSURANCE RECORDS

It is hereby ordered that the Keeper of the Records of **Commonwealth of Massachusetts, Executive Office of Health and Human Services, Office of Medicaid, (MassHealth), 600 Washington Street, Boston, MA 02111,** or the person or persons in charge of his records, shall furnish Allison K. Blew, Esq. of Foster & Eldridge, LLP, One Canal Park, Suite 2100, Cambridge, Massachusetts 02141, Attorney for the Defendant, Sturdy Memorial Hospital, with complete copies of any and all medical, insurance, Medicaid, MassHealth, social service records, psychological, psychiatric, and billing records concerning or relating to Plaintiff, Ernest Ogletree, Date of Birth: 11/30/61, social security # 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, upon the payment of a reasonable fee, within thirty (30) days of receipt of this order.

The documents are to include, but not be limited to all documents pertaining to the medical, billing and insurance records of Ernest Ogletree, including but not limited to all documents pertaining to any requests for, and/or applications for, payment of medical bills incurred by said Ernest Ogletree on behalf of Ernest Ogletree, whether or not said applications

were by Ernest Ogletree and/or by any licensed healthcare provider; all documents pertaining to any payments made by MassHealth or Medicaid, on behalf of said Ernest Ogletree; all documents pertaining to any refusals and/or rejections of requests for payment of medical insurance benefits for healthcare services provided to said Ernest Ogletree.

By the Court,

_____
Justice of the United States District Court
For the District of Massachusetts