UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ERNEST OGLETREE,                    )
    Plaintiff                       )
                                    )
                                    )
v.                                  )
                                    )
                                    )  CIVIL ACTION
CITY OF ATTLEBORO,                  )  NO. 04-10956-REK
STURDY MEMORIAL                     )
HOSPITAL, INC., JAMES G.            )
MacDONALD, DOUGLAS                  )
JOHNSON, MICHAEL                    )
BARTUCCA, ROBERT ASTIN,             )
and LEWIS RHEAUME,                  )
    Defendants                      )
                                    )
_____)

**Memorandum and Order**
October 3, 2005

### I. Pending Matters

Pending for decision are matters related to the following filings:

(1) Defendant Sturdy Memorial Hospital's Motion for Order to Inspect Medical Records (Docket No. 18, filed June 23, 2005); and

(2) Defendant Sturdy Memorial Hospital's Motion for Order to Inspect Medical and Insurance Records (Docket No. 19, filed June 29, 2005).

## II.  Procedural Background

On January 16, 2004, plaintiff filed this suit in Massachusetts Superior Court. (Docket No. 1.)  Plaintiff brings twelve counts against the defendants, City of Attleboro, Sturdy Memorial Hospital, Inc. ("SMH"), James G. MacDonald, Douglas Johnson, Michael Bartucca, Robert Astin, and Lewis Rheaume.  (Id.)  Some counts are against individual defendants and other counts are against all defendants.  (Id.)  Plaintiff alleges that defendants "[acted in] negligence" and committed "illegal assault, battery, arrest, false imprisonment, malicious prosecution, tort[i]ous conduct, and violations of the plaintiff's [federal] constitutional, statutory and civil rights."  (Id.)  Plaintiff claims that as a result of defendants' actions, he suffered severe, permanent, physical, and emotional injuries.  (Id.)

On April 28, 2004, the City of Attleboro denied plaintiff's allegations and raised twenty-three affirmative defenses.  (Docket No. 3.)  On May 20, 2004, MacDonald denied plaintiff's allegations and raised twenty affirmative defenses to plaintiff's claims.  (Docket No. 2).  On May 25, 2004, the remaining defendants denied plaintiff's allegations and raised twenty-seven affirmative defenses.  (Docket No. 4.)

On May 13, 2004, defendants removed this case to federal court asserting that this court had jurisdiction over plaintiff's constitutional claims pursuant to 28 U.S.C. § 1441.  (Docket No. 1.)  On June 7, 2005, SMH moved this court for an order to allow it to inspect plaintiff's medical records kept by Spaulding Rehabilitation Hospital ("Spaulding").  (Docket No. 18.)  On June 13, 2005, SMH again moved this court for an order to allow it to inspect plaintiff's medical and insurance records kept by the Commonwealth of Massachusetts, Executive Office of Health and Human Services, Office of Medicaid ("MassHealth").  (Docket No. 19.)  Plaintiff filed no

opposition to these two motions.

### III. Motion for Order to Inspect Medical Records and Motion for Order to Inspect Medical and Insurance Records

Massachusetts laws mandate that hospitals in Massachusetts that are "subject to licensure by the department of public health or supported in whole or in part by the commonwealth" maintain hospital records. Mass. Gen. L. ch. 111, § 70 (2000). Chapter 111, section 70 of Massachusetts General Laws also determines the necessary requirements for the release of medical records. "[A] hospital or clinic served with a subpoena for such records of any party named in that proceeding as shown by the case caption appearing on the subpoena shall deliver certified copies of the subpoenaed records in its custody to the court or place of hearing designated on the subpoena." Id. "Upon proper judicial order, whether in connection with pending judicial proceedings or otherwise,...[a patient's medical] records may be inspected and copie[d] on payment of a reasonable fee..." Id. If a non-party objects to being subpoenaed, the party serving the subpoena may move at any time for an order to compel the production. Fed.R.Civ.P. 45(c)(2)(B). As a threshold matter, the court must be satisfied that the material requested in a subpoena is relevant to the litigation. See Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 50 (S.D.N.Y. 1996) (noting that court must first determine if subpoena "sweepingly pursues" material with little relevance to subject matter).

While Massachusetts has no explicit doctor-patient privilege, "[a] person shall have a right [or privilege] against unreasonable, substantial or serious interference with his privacy." Mass. Gen. L. ch. 214, § 1B. "Section 70 makes no provision, however, for documents which may or may not be privileged to be excepted from [this subpoena] mandate." Harris v. Buckley,

3

1995 Mass.Super. LEXIS 151, at *7-8 (September 25, 1995). "Compliance with [the statute], therefore, has no bearing on the issue of privilege." Id. at *10.  Thus, once a hospital or clinic is served with a subpoena for records of a captioned party, the hospital or clinic is automatically required to deliver those records to the court or place of hearing whether the documents are privileged or not.  Consequently, the statute "imposes the burden of raising and litigating questions of privilege on the parties." Id. at *8.

In this case, plaintiff has introduced both his physical and mental conditions as part of his case.  Therefore, plaintiff's medical records and mental (psychological and psychiatric) records, to the extent that they related to the subject matter of this case, are relevant to this litigation and subject to defendant's subpoena.  See Reichel v. Young, 2003 WL 21500662 at *2 (Mass.Super. 2003) (noting that trial court allowed subpoena of physical treatment records of plaintiff since plaintiff claimed physical injury); see also Mass. Gen. L. ch. 233 § 20B(c) (stating that psychotherapist-patient privilege does not apply when plaintiff introduces mental or emotional condition as part of his claim).

In this case, it appears that all of the documents that SMH requested would, in some way, be related generally to SMH's defense.  Looking solely at the face of these requests, however, I cannot determine whether the requests are limited to reasonable requests.  SMH asks for every medical, psychiatric, psychological, social service, billing, and insurance record of the plaintiff's that Spaulding and MassHealth have in their possession.  For example, SMH seeks, in its first request, "all medical, psychiatric, psychological and social service records of [p]laintiff...[at] Spaulding..." (Docket No. 18.)  In its second request, SMH seeks "all documents pertaining to the medical, billing and insurance records of [plaintiff]" from MassHealth.  (Docket

4

No. 19.) SMH's second request gives examples of the types of records that the request would entail but even the examples are not narrowly tailored. <u>See</u> Docket No. 19 (requesting "all documents pertaining to any payments made by MassHealth or Medicaid, on behalf of said Ernest Ogletree").

On the other hand, a subpoena need not necessarily be quashed because the documents themselves are "voluminous and cumbersome and significant difficulty and expense will be involved in producing them" as could occur in this case. 9A Fed. Prac. & Proc. Civ.2d § 2459. Instead, plaintiff must file an opposition to SMH's motion or Spaulding or MassHealth must file a motion to quash SMH's subpoena in order for me to quash or modify SMH's subpoena. <u>See</u> Fed. R. Civ. P. 45(c)(3)(A) (court can modify or quash subpoena upon "timely motion"); <u>see</u> <u>also</u> 9A Fed. Prac. & Proc. Civ.2d § 2459 (stating that burden to establish subpoena as unreasonable or oppressive is on person who seeks to have it quashed).

Plaintiff has not opposed SMH's motions and his silence weighs in favor of granting SMH's motions. <u>See</u> <u>Riechel</u>, 2003 WL 21500662 at *1 (allowing motion to compel relevant medical records since no opposition existed). Spaulding has not filed an opposition to SMH's subpoena, and MassHealth's only response to SMH's subpoena is that it needs either Ogletree's "written consent" or a "court order requiring disclosure" in order to give defendant the records it seeks. <u>See</u> Docket No. 19, Letter from Jon Seiff (stating reasons for non-compliance with Sturdy's subpoena). Thus, no party has moved to quash or modify Sturdy's subpoena.

Therefore, since Spaulding, MassHealth, and plaintiff have all failed to file oppositions to SMH's motions and the materials that SMH requests are relevant to this litigation,

I will grant SMH's motions.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendant Sturdy Memorial Hospital's Motion for Order to Inspect Medical Records (Docket No. 18) is GRANTED.

(2) Defendant Sturdy Memorial Hospital's Motion for Order to Inspect Medical and Insurance Records (Docket No. 19) is GRANTED.

                                            ___/s/Robert E. Keeton_____
                                                  Robert E. Keeton
                                          Senior United States District Judge