**EXHIBIT 2**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10956-REK

| | |
|---|---|
| ERNEST OGLETREE, <br><br> Plaintiff <br><br> v. <br><br> CITY OF ATTLEBORO, STURDY MEMORIAL HOSPITAL, INC., JAMES G. MACDONALD, DOUGLAS JOHNSON, MICHAEL BARTUCCA, ROBERT ASTIN, and LEWIS RHEAUME, <br><br> Defendants | DEFENDANT JAMES G. MACDONALD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE <u>PLAINTIFF ERNEST OGLETREE</u> |

Pursuant to Mass.R.Civ.P. 26 and 34, defendant hereby requests that the plaintiff, Ernest Ogletree, produce the documents described herein at the offices of Kopelman and Paige, P.C., 31 St. James Avenue, Seventh Floor, Boston, Massachusetts 02116-4102 within thirty (30) days of service of this Request.

### **DEFINITIONS**

The word "document" shall mean written, graphic or other matter whether produced, reproduced, or stored on paper, cards, tapes, discs, belts, charts, films, computer storage devices or other medium and shall include, without limitation, matters in the form of books, reports, studies, statements, accounts, speeches, notebooks, applications, agreements, appointment calendars, working papers, graphs, manuals, brochures, contracts, memoranda, notes, records, correspondence, diaries, bookkeeping entries, invoices, checks, blueprints, plans, tax returns, catalogs, pamphlets, periodicals, licenses, lists, letters, receipts, telephone logs, minutes, photographs, and any published materials and shall also include, without limitation, originals, copies, (with or without notes or changes thereon) and drafts.

The word "communications" shall mean correspondence, contacts, discussions or any other kind of written or oral exchange between two or more persons or entities including, but not limited to, all telephone conversations, face-to-face conversations, meetings, visits, conferences, internal and external discussions and documents.

It is requested that documents produced in compliance with this request be accompanied with an indication as to the particular paragraphs under which the documents are being produced.

If the plaintiff is unable to produce the documents called for by any portion of this request, or if the plaintiff has no documents responsive to any portion of this request, the plaintiff, should, with respect to each such portion, state the reasons why he is unable to produce such documents or identify the portions of the request for which he has no responsive documents.

In the event that it is claimed that any document responsive to any request is privileged, each privileged document should be fully identified in writing, except that the substance thereof not be described to the extent it is claimed to be privileged. To "identify" a document claimed to be privileged means to state: (a) the date on which the document was prepared; (b) the author of the document; (c) the addressee of the document, if any; (d) the title of the document; (e) the number of pages in the document; (f) the substance of the document to the extent it is not privileged; and (g) the basis of the alleged privilege.

Each paragraph of this request should be construed independently and not with reference to any other paragraph for the purpose of limitation, unless otherwise indicated.

## DOCUMENTS REQUESTED

REQUEST NO. 1:

Each Federal Income Tax Return, to include all enclosures and schedules attached thereto, filed by the plaintiff for Calendar Year 1998 to date.

REQUEST NO. 2:

All records, bills and invoices which evidence any expenses incurred by the plaintiff as a result of the damages alleged in the Complaint.

REQUEST NO. 3:

Each photograph which the plaintiff intends to introduce as evidence at the trial of this matter.

REQUEST NO. 4:

All photographs which evidence the injuries and/or damages sustained by the plaintiff as described in the Complaint.

REQUEST NO. 5:

Any written statement, signed or unsigned, by the defendant which relates in any way to the occurrence giving rise to the plaintiff's damages, and the surrounding circumstances.

REQUEST NO. 6:

Any written statement, signed or unsigned, by any eyewitness to the occurrence of the plaintiff's damages, or the surrounding circumstances.

REQUEST NO. 7:

Copies of all signed and/or unsigned statement or statements recorded by mechanical and/or electronic means made by any agent, servant, or employee of the defendants which are in the possession of the plaintiff or under her control and which relate directly or indirectly to this incident.

REQUEST NO. 8:

All records, bills, invoices, check stubs or any other type of correspondence which evidence the receipt of any monies (e.g., workmen's compensation payments and/or disability insurance payments) paid to plaintiff as a result of injuries sustained by plaintiff alleged in plaintiff's Complaint.

REQUEST NO. 9:

All medical reports and/or records of each physician, psychiatrist or other medical or mental health personnel by whom the plaintiff was treated as a result of the injuries described in the Complaint.

REQUEST NO. 10:

All hospital records of medical history and treatment of each hospital at which the plaintiff was treated as a result of the injuries described in the Complaint.

REQUEST NO. 11:

All records, bills and invoices which evidence the reasonable and necessary medical expenses incurred by the plaintiff as a result of the injury described in the Complaint.

REQUEST NO. 12:

All records which evidence any actual loss of wage or salary by the plaintiff as a result of the injury described in the Complaint.

REQUEST NO. 13:

All records which evidence any alleged diminution of past and future earning capacity by the plaintiff as a result of the injuries described in the Complaint.

REQUEST NO. 14:

Any and all exhibits which plaintiff intends to offer at trial.

DEFENDANT
JAMES G. MACDONALD,

By his attorney,

Joseph L. Tehan, Jr. (BBO #494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

#224047/METG/0556

5